OPINION
Plaintiff-appellant D. Michele Minamyer appeals the order of the Common Pleas Court, Juvenile Division, implementing its previous judgment entry that granted standard long distance visitation with the parties' minor child to defendant-appellee George Jakubisn. For the following reasons, the trial court's order is reversed and this cause is remanded for further proceedings.
 STATEMENT OF THE CASE
In 1994, appellant filed a paternity complaint naming appellee as the father of her two-year-old child. Appellant sought continuing and back child support. After two genetic tests, appellee stipulated his parentage and requested visitation.
The court heard the case on July 6, 1998. Appellant did not object to visitation but voiced concern over the child's emotional transition at the commencement of visitation due to appellee's unfamiliarity.
On September 21, 1998, the court designated appellant the residential parent and awarded child support with some arrearage. The court also granted visitation to appellee in an amount no less than its standard long distance visitation order.
However, the court did not immediately implement the visitation order. Instead, the court set a hearing and requested written pleadings, in which the parties could propose a method of implementing visitation that would assist the child's passage from parent to parent.
The hearing was set for November 13, 1998. The day before the hearing, appellant's counsel withdrew. Hence, the court reset the hearing for December 8, 1998; however, due to a telephone request from appellant, the court continued the hearing date. On December 28, 1998, the court released a judgment entry which set the hearing for January 15, 1999. This entry incorrectly recited appellant's Arizona address as "Apt. 408" rather than "Apt. 108."
On January 15, 1999, the courthouse was closed due to inclement weather. In a January 22, 1999 judgment entry, the court reset the hearing for February 12, 1999.
On January 25, 1999, the court's December 28 judgment entry was returned to the clerk unopened. On February 10, 1999, the court's January 22 judgment entry was returned to the clerk with a notation that the address was incorrect. Nevertheless, the court proceeded with the hearing on February 12, 1999. Obviously, appellant did not attend.
On February 19, 1999, the court released a judgment entry stating that its standard long distance visitation order is effective immediately. This entry and the prior returned entries were not mailed to appellant until March 2, 1999. Oddly, the docket entry reflecting this service contains four exclamation points after it.
Appellant filed timely notice of appeal on March 22, 1999. Appellee has not filed a responsive brief.
 ISSUE
Appellant's brief sets forth three questions, the first of which provides:
 "WHETHER, AS A MATTER OF LAW, THE VISITATION ORDER WAS PUT ON RECORD WITHOUT REASONABLE NOTICE AND OPPORTUNITY TO BE HEARD FROM ALL CONTESTANTS IN THE PROCEEDING BEFORE THE COURT MAKES A DECREE. (UCCJA SECTION 4 5) PERSONS RESIDING OUTSIDE THE FORUM STATE ARE TO BE NOTIFIED."
Appellant contends that the court erred by failing to provide her with notice and an opportunity to be heard on the visitation implementation issue. She points out that the last two judgment entries resetting the hearing date were mailed to the wrong address. She also notes that the clerk's office received both pieces of mail unopened with a notation that the address was incorrect prior to the date of the hearing. Appellant seeks reversal of the court's February 12, 1999 order.
 LAW
"Before making a parenting decree, the court shall givereasonable notice of the parenting proceeding and opportunity tobe heard to the contestants * * *." R.C. 3109.23(A). (Emphasis added). A parenting decree includes a determination on visitation rights. R.C. 3109.21(B), (D). If a contestant is outside the state, notice and opportunity to be heard shall be given in accordance with division (B). R.C. 3109.21(A). Such notice shall be given in accordance with the Ohio Rules of Civil Procedure governing service of process, in a manner prescribed by the law of the place where service is to made or as directed by the court if other means of notification are ineffective. R.C. 3109.21(B). The court must give this notice at least twenty days before holding a hearing. R.C. 3109.21(C).
 ANALYSIS/CONCLUSION
In the case at bar, the court attempted to accomplish notice through service to appellant by ordinary mail. However, the court incorrectly recited appellant's address in two separate judgment entries containing the continued hearing dates. The court's docket reflects that, prior to the hearing, it received the entries returned and unopened. The mistaken recitation of appellant's address is apparent from the face of the entries. Yet, the court continued with the hearing in appellant's absence.
Appellant was not served with the statutorily required notice and opportunity to be heard prior to the hearing and the court's making of the parenting decree regarding implementation of visitation. Plainly, the essential requirements of R.C. 3109.23
were violated. Accordingly, the trial court's February 12, 1999 judgment is reversed. This cause is remanded for a new hearing on the implementation of visitation.
 REMAINING ISSUES
Appellant also presents questions arguing that no order of visitation could be in the best interests of her child and that the case should have been transferred to Arizona, her new state of residence. However, appellant failed to submit a transcript of the hearing which took place in July 1998 where these issues would have been relevant. See App.R. 9(B) (outlining her duty to order any relevant transcripts). Moreover, appellant concedes that she failed to raise either issue at the trial court level.
Appellant touches on other issues but does not separately assign these issues as errors nor does she list them as questions presented. See App.R. 12(A)(2); App.R. 16(3), (4), (7) (for instructions on constructing a proper appellate brief). Furthermore, we have reversed and remanded this case; thus, there is no order concerning these issues from which appellant's March 1999 notice of appeal would be applicable. As such, the issues noted under this heading shall not be further addressed.
For the foregoing reasons, the judgment of the trial court is reversed and this cause is remanded for a new hearing on the implementation of visitation.
 __________________________ VUKOVICH, J.
Cox, P.J., concurs.
Donofrio, J., concurs.